UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-166 (PAM/JSM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | PRELIMINARY ORDER |
| v. | ) | OF FORFEITURE |
| | ) | |
| CODY JOSEPH DIAZ, | ) | |
| | ) | |
| Defendant. | ) | |

Based on the United States' motion for a Preliminary Order of Forfeiture; on the Plea Agreement entered into between the United States and Defendant Cody Joseph Diaz; on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c); and on the Court's determination that, based on the Plea Agreement entered into by the defendant and based on all of the files and records of this proceeding, the government has established the requisite nexus between such property and the offense to which the defendant has pled guilty,

IT IS HEREBY ORDERED that:

1. The Motion of the United States for a Preliminary Order of Forfeiture [Docket No. 29] is GRANTED;

2. The following property is forfeited to the United States pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. §

2461(c):

    a.    a Remington Wingmaster Model 870, 12 gauge magnum shotgun with an obliterated serial number;

    b.    a .40 caliber Taurus model PT840 pistol, bearing serial number SBX29852; and

    c.    any ammunition involved in the violation of 18 U.S.C. § 922 and/or 924;

3.    The Attorney General or his authorized designee may seize the foregoing property and maintain custody and control of the property pending the entry of a Final Order of Forfeiture;

4.    The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

5.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

6.    Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee; and

7. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: October 5, 2011

                                          s/Paul A. Magnuson
                                          Paul A. Magnuson, Judge
                                          United States District Court