UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 11-166 |
| Plaintiff, | |
| v. | **AMENDED**[1]<br>**MEMORANDUM AND ORDER** |
| Cody Joseph Diaz, | |
| Defendant. | |

This matter is before the Court on Defendant Cody Joseph Diaz's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Diaz contends that the 120-month sentence imposed for his conviction of a violation of 18 U.S.C. § 924(c) must be vacated because § 924(c) is unconstitutional under the ruling in Johnson v. United States, 135 S. Ct. 2551 (2015).

But as this Court recently determined, the ruling in Johnson does not apply to convictions under § 924(c). United States v. Malone, No. 94cr106, 2016 WL 3211815, at *2 (D. Minn. June 9, 2016) (Magnuson, J.). In Johnson, the Supreme Court held that a portion of § 924(e) was unconstitutionally vague. Johnson, 135 S. Ct. at 2557. The now-unconstitutional provision defines "violent felony" for the purpose of the Armed Career Criminal Act to include an offense that "otherwise involves conduct that presents a serious

---

[1] The Court's previous Order (Docket No. 41) did not sufficiently specify the issue for the Certificate of Appealability under Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, even though Diaz's Petition raises only one issue. Thus, the Court amends its Order to make clear that the single issue Diaz raises is, indeed, the issue he may raise on appeal.

potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).  As the Supreme Court explained, this portion of the definition is unconstitutionally vague because it requires courts to reconstruct a defendant's prior convictions to determine whether the conviction falls within the definition.  Johnson, 135 S. Ct. at 2557-58.  But the Court also pointed out that most statutes using the phrase "substantial risk" are not void for vagueness because those statutes "require gauging the riskiness of conduct in which an individual engages on a particular occasion."  Id. at 2561.  "[W]e do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." Id.

Diaz was convicted of discharging a firearm during and in relation to the armed robbery of a liquor store, in violation of § 924(c)(1)(A)(iii).  (Indictment at 1.)  Section 924(c) provides that an individual who uses a firearm "during and in relation to a crime of violence or drug trafficking crime" shall receive an enhanced sentence for that conduct.  The relevant subsection defines "crime of violence" as a felony that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "that by its nature, involves a substantial risk that physical force against the person or property may be used in the course of committing the offense."  18 U.S.C. 924(c)(3)(A)-(B).

As in the Malone matter, the Court did not look to Diaz's prior convictions to determine whether he was guilty of § 924(c), and therefore the concerns the Supreme Court expressed in Johnson are not present here.  The applicability of § 924(c) turns only on the

evidence regarding Diaz's offense conduct, conduct to which he admitted in the change-of-plea hearing and which was further outlined in the presentence investigation report. The Court correctly applied the "substantial risk" standard to Diaz's conduct in this case. United States v. Prickett, No. 3:14cr30018, 2015 WL 5884904 (W.D. Ark. Oct. 8, 2015). Diaz's conduct constituted a "crime of violence" within the meaning of § 924(c), and thus the application of § 924(c) was appropriate.

In order to appeal an adverse decision on a § 2255 motion, Diaz must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). This Court cannot grant a certificate of appealability unless Diaz has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). While the Court believes that its analysis of the issue is correct, there is much uncertainty in the law regarding enhanced sentences after Johnson. Thus, the issue Diaz raises is "debatable among reasonable jurists." Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). The Court will therefore issue a certificate of appealability as to whether the Johnson ruling applies to enhanced sentences under § 924(c).

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion to Vacate (Docket No. 40) is **DENIED**; and

2. The Court issues a Certificate of Appealability in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Tuesday, July 19, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge